### CHIRSTIAN G. DOSLAND v. COUNTY OF CLAY.[1]

February 16, 1917.

Nos. 20,212—(312).

**County attorney — compensation for services in drainage matters.**

1. A county attorney who performs services for the county in proceedings under the drainage laws to establish a county ditch is not entitled, under G. S. 1913, §§ 5571 and 5614, to compensation therefor,

[1]Reported in 161 N. W. 382.

unless his services are required or requested by the board of county commissioners, or the services were rendered in protection of some special interest of the county, which it was his general duty as county attorney to protect.

**Drain — damages and benefits — appeal from award.**

2. The county has no special interest in the question of damages and benefits to be paid by and to the owners of affected property, and no such interest to protect on an appeal to the district court from an award thereof.

Action in the district court for Clay county to recover $225 for professional services in a ditch proceeding. The case was submitted upon stipulated facts to Roeser, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. Defendant's motion to amend the conclusion of law was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*Charles S. Marden,* for appellant.

*C. G. Dosland* and *Victor Oleson,* for respondent.

Brown, C. J.

The facts in this case were stipulated, and are as follows: June 13, 1914, John Singer and 23 other landowners petitioned the county board for the establishment of a county ditch. After proceedings that were in all respects as required by law, the board, on October 2, 1914, made its order establishing the ditch. On October 22, 1914, 16 landowners whose property had been assessed for the ditch appealed to the district court from the order of the county board. These appeals were tried at the December, 1914, term of the court. Plaintiff, as county attorney, appeared for the county and for the petitioners in the trial of the appeals, which lasted six days, during which time plaintiff was continuously in attendance on the trial, and took part in conducting the trial on behalf of the county and the petitioners.

March 15, 1915, plaintiff filed with the county auditor a statement of his charges against the county for his services in trying the appeals, and in preparing for trial. On April 27, 1915, the county board

disallowed the claim. May 3, 1915, plaintiff appealed to the district court from the order disallowing his claim.

The trial court, on the stipulated facts, determined that plaintiff was entitled to recover the full amount of his claim from the county, and ordered judgment accordingly. Defendant's motion to amend the conclusions of law was denied, and this appeal taken from the judgment entered.

The question is whether plaintiff, county attorney, may recover this extra compensation from the county. G. S. 1913, § 974, provides that the salary of the county attorney shall be fixed by the county board at a sum not exceeding $2,000 per annum and not less than $1,000, and gives the county attorney a right to appeal to the district court if dissatisfied with the amount so fixed. This section and section 969, providing that no county attorney or assistant county attorney shall receive or accept any fee or reward from, or paid or given on behalf of anyone for services rendered in the prosecution of any official conduct or business, have been in the statutes for many years. We doubt whether section 969 has any application, but it is doubtless true that, without some statute expressly authorizing compensation outside of the salary fixed, a county attorney, is entitled to no compensation outside of his salary. The claim of plaintiff, sustained by the trial court, is that sections 5571 and 5614, applicable to ditch proceedings, permit the recovery in this case. Section 5614 provides that in carrying out the provisions of the drainage act the county board "may require the services" of the county auditor, register, county attorney, clerk of court and such other officers as shall be deemed necessary, and that the compensation of such county boards and other officers in "carrying out the provisions hereof" shall be paid as is provided by the general laws of this state in the establishment of county and judicial ditches, and "shall be in addition to any other salary or fees received by them in the performance of the regular duties of their offices."

There is no ambiguity in the statute. Insofar as it is inconsistent with the sections relating to the salary of county attorneys, it is a later enactment and must control. We have no doubt that when the services of the county attorney "are required by the county board" in ditch proceedings, or, when they are rendered in protection of some special inter-

est of the county which is involved therein, he is entitled to such extra compensation therefor as the board may fix. In this case plaintiff represented the petitioners as well as the county, but no claim is made that his services were required or requested by the county board, and it seems clear that the general primary liability of the county for the payment of the ditch bonds is an interest far too remote from the question of damages and benefits, to justify the county attorney in volunteering his services upon those questions, or upon a trial thereof on appeal to the district court. This view seems in harmony with the opinion of the attorney general's office of November 2, 1914, which has been accepted generally as a correct interpretation of the statute. We think to hold otherwise would be to establish a precedent which in all probability could not well be followed in the future.

This is apparently a friendly suit to settle the mooted question and no statutory costs will be allowed.

Judgment reversed.