IN THE MATTER OF JUDICIAL DITCH NO. 10 OF YELLOW MEDICINE, REDWOOD AND LYON COUNTIES, ROLAND MATHEWS v. HAROLD BAKER.[1]

January 9, 1925.

No. 24,288.

**County attorney not entitled to compensation out of ditch fund for services in ditch proceeding.**

A county attorney, appearing for his county in a judicial ditch proceeding to oppose an assessment of benefits and award of damages, has no claim on the ditch fund under section 5614, G. S. 1913, or section 10, c. 508, L. 1921, for compensation for his services, although his efforts resulted in a reduction of the assessment and an increase in the amount allowed as damages.

Upon the relation of Rolland Mathews the supreme court granted its writ of certiorari directed to the district court for Yellow Medicine county and the Honorable Harold Baker, judge thereof, to review the decision of that court in the matter of relator's compensation in the above entitled matter. Affirmed.

*Rolland Mathews*, pro se.

*O. A. Lende*, for respondent.

LEES, C.

A proceeding to establish a judicial ditch in Yellow Medicine, Redwood and Lyon counties was commenced in the district court of

[1]Reported in 201 N. W. 621.

the first named county. Rolland Mathews was the county attorney of Lyon county. That county was assessed for benefits and awarded damages in the ditch proceeding. Mr. Mathews appeared therein as the legal representative of the county and by his efforts procured a substantial reduction in the assessment and a substantial increase in the award of damages. Thereafter he duly presented to the judge of the district court of Yellow Medicine county a bill for services and expenses and asked that payment thereof out of the ditch fund be allowed. Objection was made, based solely on the ground that the statute does not permit the payment of such bill out of the ditch fund. The objection was sustained and the bill disallowed, and, upon the petition of Mr. Mathews, this court granted a writ of certiorari, by which the matter has been brought here for review.

The proper construction of section 5614, G. S. 1913, and section 10, chapter 508, p. 936, L. 1921, will determine the question presented. Section 5614 reads thus:

"In carrying out the provisions of this act, the respective county boards, in the case of a county ditch, and the district court in the case of a judicial ditch, may require the services of the county auditor, register, county attorney, clerk of court, and such other officers as shall be deemed necessary. The compensation of such county boards and such other officers for services performed in carrying out the provisions hereof shall be paid as is provided by the general laws of this state in the establishment of county and judicial ditches, and shall be in addition to any other salary or fees received by them in the performance of the regular duties of their offices."

The pertinent portion of section 10, chapter 508, reads as follows:

"The following fees and expenses shall be allowed and paid for services rendered under this act. * * * To the county auditor, county attorney, attorney for petitioners, clerk of the district court, the register of deeds and the sheriff performing duties thereunder, such reasonable compensation as shall be fixed by the county board

or court as the case may be, and the fees and compensation of all such county officials in ditch proceedings shall be in addition to all sum and fees allowed them by law."

If Lyon county was aggrieved by the viewers' award, it could appeal to the district court and demand a jury trial. Section 5534, G. S. 1913. If a private landowner took such an appeal and obtained a reduction of his assessment or increased damages, he could not have the fees he paid to his attorney allowed as a proper claim against the ditch fund. Unless the statutes referred to give counties rights not enjoyed by private landowners, neither Lyon county nor Mr. Mathews has a claim which the court can allow.

In Dosland v. County of Clay, 136 Minn. 140, 161 N. W. 382, it was held that when the services of the county attorney are required by the county board, or are rendered in protection of some special interest of the county involved in a drainage proceeding, he is entitled to such extra compensation as the board may fix.

In that case the county attorney appeared for the county and for the petitioners for the ditch in the trial of appeals taken by landowners whose property had been assessed. He filed a bill for his services with the county auditor and the county board disallowed it. He sought to obtain payment out of the general fund of the county and not out of the ditch fund, and we held that the bill was properly disallowed. Here, the county attorney is not asking Lyon county to pay his bill. He asks that it be paid out of the special fund created by the collection of the assessments made in the ditch proceeding. The Dosland case is, therefore, not directly in point.

Mr. Mathews' services were not rendered in aid of the ditch proceeding. Lyon county was contesting its assessment, not furthering the establishment of the ditch. But it is urged that the county attorney was protecting the special interests of the county, and hence the language used in Dosland v. County of Clay fits this case. The language had reference to a claim against the county and must be limited in its application to like claims. Here, a claim of a different nature is asserted and the right to assert it is not settled by anything said in the Dosland case.

Turning now to the statute, we find that it groups county attorneys with county auditors, clerks of court, registers of deeds, sheriffs, and attorneys for the petitioners for the ditch, and, as to all of them, confines compensation to services rendered in carrying out the provisions of the drainage act or performing the duties required by the act, such compensation to be allowed in addition to the salary and fees of the officers named.

The meaning of the statute, as we read it, is this: In conducting a ditch proceeding to its conclusion the officers mentioned have special or extra duties to perform. For example, the auditor must give numerous notices to interested parties, and, in a judicial ditch proceeding, the clerk of the district court must give them. The auditor or clerk must let the job. The contract must be satisfactory to the county attorney. The auditor must prepare a statement of the amount charged against each tract of land assessed for benefits, and the register of deeds must record it.

It is a matter of common knowledge that the county attorney is called upon to assist the other officers in the performance of their duties. The county board depends upon him for legal advice when doubtful questions arise in the course of the proceeding. In short, from the moment when a petition is filed until the proceeding is brought to a close, the officers mentioned are burdened with special duties. In fixing their salaries, it is impossible to foresee the extent of the services which may be required in ditch proceedings. There may be several proceedings in a single year or none at all. From a practical standpoint the best way of providing compensation is to leave it to be fixed after the services have been rendered, and this is what the legislature has done, while limiting the compensation to services performed in furthering the establishment and construction of the ditch. This is the construction we place upon the statute.

As already noted, the services here in question were not rendered to promote the establishment of the ditch, and for that reason we hold that they do not come within the scope of the statute. The order disallowing the claim is, therefore, affirmed.